

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00236-CR

| | | |
|---|---|---|
| Nicholas Jeremiah Jackson | § | From the 396th District Court |
| | § | of Tarrant County (1248599D) |
| v. | § | February 7, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00236-CR

---

NICHOLAS JEREMIAH JACKSON                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Although indicted for the state jail felony of attempting to take a weapon from a peace officer,[2] Appellant Nicholas Jeremiah Jackson pled guilty pursuant to a plea bargain to the lesser included offense of resisting arrest, a class A misdemeanor.[3] He also signed a judicial confession.  The trial court placed Appellant on deferred

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 38.14(b), (e)(2) (West Supp. 2012).

[3]*See id.* § 38.03(a), (c) (West 2011).

adjudication community supervision for one year and imposed a $100 fine. The trial court also gave Appellant permission to appeal the pretrial denial of his motion to suppress.[4]

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[5] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Although Appellant was given an opportunity to file a pro se response to the *Anders* brief, he has not done so. The State also did not file a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[6] Only then may we grant counsel's motion to withdraw.[7]

---

[4]*See* Tex. R. App. P. 25.2(a)(2).

[5]386 U.S. 738, 87 S. Ct. 1396 (1967).

[6]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

[7]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal.[8]

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 7, 2013

---

[8]*See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).